LEMMON, judge.
Maurice F. Tassin has appealed from a judgment dismissing his suit to enjoin the South Louisiana Port Commission from issuing, offering for sale and selling $350,000.00 of negotiable bonds. The Commission sought to issue the bonds in furtherance of a lease agreement with the *654 Walle Corporation, in which Walle agreed to construct within the geographical limits of the Commission’s jurisdictional boundaries an industrial plant facility to manufacture labels and printing, and the Commission agreed to purchase and acquire the manufacturing facility and to lease it to Walle.
The South Louisiana Port Commission was created by Const, art. 6, § 33.1[1], which also sets forth its powers as follows :
“The Commission shall regulate the commerce and traffic using the public facilities administered by the Commission within such port area in such manner as may, in its judgment, be for the best interest of the State. It shall have charge of, and administer public wharves, docks, sheds and landings and shall be empowered to construct or acquire and equip wharves and landings and other structures useful for the commerce of the port area and to provide mechanical facilities therefor; to erect sheds or other structures on such wharves and landings; to maintain proper depths of water at all such public wharves and landings; to provide light, water, police protection and other services for its facilities as it may deem advisable; to construct or acquire, maintain and operate basins, locks, canals, warehouses and elevators; to charge for the use of all facilities administered by it and for all services rendered by it, such fees, rates, tariffs or other charges as it may establish; to establish harbor lines within the port area by agreement with the Corps of Engineers; and to construct, own, operate and maintain terminal rail facilities and other common carrier rail facilities for the purpose of rendering, rail transportation to and from the facilities to be erected,, owned and operated by the Commission in both intrastate and interstate commerce. The legislature may confer additional powers upon the Commission, not inconsistent with the provisions hereof, provided, however, that it shall not impair any contract lawfully entered into by the Commission. Title to all property and improvements thereon acquired, in any manner, by the Commission shall vest in the State of Louisiana.” (Emphasis supplied.)
Section 33.1 further authorizes the Commission to incur debt as follows:
“The Commission, with the approval of the State Bond and Tax Board, is authorized to incur debt for its lawful purposes and to issue in its name, negotiable bonds or notes therefor, and to pledge, for the payment of the principal and interest of such negotiable bonds or notes, the revenues derived from the operation of properties and facilities maintained and operated by it, or received by the Commission from other sources; * * *» (Emphasis supplied.)
This court has held that the Commission is an executive department of the State of Louisiana and has the authority to issue bonds on the general credit of the State. Kliebert v. South Louisiana Port Commission, 182 So.2d 814 (La.App. 4 Cir. 1966), cert. denied 248 La. 1030, 183 So.2d 652 (1966).
R.S. 34:2471 was enacted in 1968[2] and further provided:
“In order to encourage the location of or addition to industrial enterprises therein and the economic development of its port area, the South Louisiana Port Commission, created and operating in accordance with the provisions of Article VI, Section 33.1 of the Constitution of the State of Louisiana, may acquire, purchase, construct or improve industrial plant buildings and necessary property, equipment and appurtenances therefor, as a lawful purpose for which its bonds may be issued in the manner and within the limitations provided by said constitu *655 tional provision. Such industrial properties are hereby determined to be structures useful for the commerce of the port area as contemplated by said constitutional provision and not inconsistent with the provisions thereof.” (Emphasis supplied.)
Tassin contends that the proposed industrial facility is not a “structure useful for the commerce of the port area,” as contemplated by the Constitution, and that the acquisition thereof is an unauthorized extension of the Commission’s Constitutional authority. In this regard he further contends that R.S. 34:2471 is unconstitutional, since the Legislature could not by statute authorize the acquisition of industrial plants, and that the acquisition was not a “lawful purpose” for which the Commission could issue bonds under its Constitutional authority.
The matter was heard in the trial court on the preliminary injunction and on the merits on April 4, 1972. That court construed “other structures useful for the commerce of the port area” to indicate that the powers granted in Section 33.1 of Article 6 were not restricted to wharves and landings, and held that R.S. 34:2471 did not grant additional powers to the Commission beyond its Constitutional authority, but merely defined more clearly the intent and meaning of the quoted phrase.
Assuming without deciding that Tassin is correct in his contention that Const, art. 6, § 33.1 does not authorize the Commission to acquire industrial plant sites and buildings, we disagree with his contention that the Legislature could not by statute authorize this acquisition.
Const, art. 14, § 31 empowers the Legislature to create port, harbor and terminal districts as political subdivisions of the State, and, among other things, to define the powers of their governing authorities and to delegate to them certain specified authority. A 1956 amendment to Section 31 expanded the authority that the Legislature may delegate to the districts to include authority, among other things, to:
“ . . . acquire by purchase, lease or otherwise, industrial plant sites and necessary property or appurtenances therefor and to acquire or construct industrial plant buildings with necessary machinery and equipment within such districts
Pursuant to this 1956 amendment the Legislature, by statute, has delegated this specific authority to the Lake Charles Harbor and Terminal District (R.S. 34:203), the Morgan City Harbor and Terminal District (R.S. 34:323), the Plaquemines Parish Port Authority (R.S. 34:1360), the St. Bernard Port, Harbor and Terminal District (R.S. 34:1703), the Livingston-Tangipahoa Parishes Port Commission (R.S. 34:1953), the West Calcasieu Port, Harbor and Terminal District (R.S. 34:2104), the Jonesville Port Commission (R.S. 34:2153), the Terrebonne Port Commission (R.S. 34:2203), the St. Tammany Parish Port Commission (R.S. 34:2003), the Tensas Parish Port Commission (R.S. 34:2283), the Madison Parish Port Commission (R.S. 34:2403), the East Cameron Port Commission (R.S. 34:2503), the West Cameron Port Commission (R.S. 34:2553), the Morehouse Parish Port Commission (R.S. 34:3003), and the Union Parish Port Commission (R.S. 34:3053).
Although the Legislature did not specifically delegate the authority to acquire industrial plant sites and buildings to the South Louisiana Port Commission in Const, art. 6, § 33.1, it did so in R.S. 34:2471 pursuant to the Constitutional Authority of Const, art. 14, § 31. That section empowered the Legislature to delegate this authority by legislative act, and it is of no consequence that the Legislature had previously chosen to create the Commission and delegate certain other authority by proposing a Constitutional amendment.
Furthermore, the Constitutional amendment which created the Commission provided that “The legislature may confer ad *656 ditional powers upon the Commission, not inconsistent with the provisions hereof . ” This provision, which recognizes that additional authority can be delegated to the Commission, militates against any argument that the original exclusion of that particular authority was intended to be restrictive. Another indication that the Legislature did not intend to exclude that particular authority from port commissions in general is that, after the South Louisiana Port Commission was created in 1960, this specific authority was delegated to at least ten of the districts enumerated above.
Since we conclude that the Commission’s purpose is lawful, the bonds may properly be issued.
The judgment is affirmed.
Affirmed.

. Act No. 033 of 1960.

. Act No. 229 of 1968.